THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MIGUEL SALGADO, Defendant-Appellant.

First District (6th Division)   No. 1—87—2981

Opinion filed June 22, 1990.

Michael J. Pelletier and Jeffrey Walker, both of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and James Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

Defendant, Miguel Salgado, was charged by indictment with residential burglary and theft along with two codefendants. Following a joint bench trial, defendant was convicted of residential burglary, and his codefendants were convicted of theft. Defendant received a term of four years' imprisonment, and the court ordered that the sentence run consecutive to an eight-year prison term imposed upon defendant two days earlier. The other two defendants received sentences of 30 months' probation, the first six months of which were to be served in the Cook County jail.

Defendant appeals his conviction and sentence, asserting that he was deprived of the right to effective assistance of counsel; the stat-

ute under which he was sentenced is unconstitutional because it is violative of due process and of the provision for the separation of powers; and the trial court erred in ordering that his sentence run consecutively to a previous sentence imposed two days earlier. We reverse the defendant's conviction for residential burglary and remand the cause for a new trial.

Defendant, Miguel Salgado, was indicted for residential burglary and theft along with two codefendants, Buddy Raines and Mainor Garcia, and all three defendants waived their rights to a jury trial. Raines and Garcia were represented by the same attorney, and defendant was represented by separate counsel. Following a joint bench trial, defendant was convicted of residential burglary, and the codefendants were convicted of theft.

At trial, neither the prosecuting attorney nor defense counsel made opening statements. The complainant, Holly Esaki, testified that on January 20, 1987, she left her apartment at 5525 North Glenwood in Chicago, Illinois at 10 a.m. When she returned at 2 or 3 p.m., she noticed that the laundry had been thrown all over the floor. She also saw a hole in the window in the back door of the apartment. She noticed further that a television set, a microwave oven and a video cassette recorder were missing. She then went downstairs to the basement and found that her tape recorder was gone. Later, when her parents came home, the three of them realized that a couple of coats and some jewelry were missing. All of the stolen items except the jewelry were recovered by Esaki from the police on February 20, 1987. The parties stipulated that if called as a witness, Alice Esaki, complainant's mother, would testify to substantially the same facts.

Chicago police detective Bernard Lohan testified that on January 20, 1987, he was assigned to investigate the Esaki burglary. During the course of that investigation, he learned that an evidence technician had obtained a fingerprint from the scene of the burglary which belonged to defendant Garcia. On February 20, 1987, Lohan and his partner, Detective Davis, located Garcia at 10 a.m. and placed him under arrest. After Garcia was advised of his *Miranda* rights, he informed Lohan and Davis that he had broken in the Esaki residence with some other people after borrowing a van for that purpose. Garcia identified defendant and Raines as his accomplices and told the detectives that they had taken jewelry, appliances, television sets, a microwave oven and clothing from the Esaki house.

Lohan testified further that Raines and defendant were also located on February 20, 1987. Upon being advised of their *Miranda* rights, they both admitted their involvement in the burglary. Defend-

ant agreed to cooperate with the police in returning the stolen property to the Esaki family. He took the detective to three locations to recover the property, which was inventoried and subsequently turned over to the Esaki family. Neither defense counsel cross-examined the complainant or Detective Lohan.

Neither Raines nor Garcia testified at trial. Testifying through an interpreter, defendant stated on direct examination that he had participated in the burglary of the Esaki residence and stated that Garcia had gone into the back of the building through the window while defendant waited for him outside. Garcia then opened the door, and defendant went inside. They then took the property outside, put it in the van, and left.

During closing argument, defense counsel presented no defense other than to assert that defendant had a right to explain his participation in the offense.

The trial court found defendant guilty of residential burglary and found Garcia and Raines guilty of theft. In entering his judgment, the trial judge stated that prior to defendant's testimony, he anticipated finding defendant guilty of theft, but because defendant admitted that he committed the residential burglary, the court had no choice but to convict him of that offense.

Garcia and Raines were sentenced to 30 months' probation, of which the first six months were to be served in Cook County jail. Defendant was sentenced to a term of four years' imprisonment, which was to run consecutive to an eight-year sentence imposed two days earlier on a conviction of aggravated criminal sexual assault.

Defendant initially contends that he was deprived of the effective assistance of counsel where his attorney failed to make an opening statement, conducted no cross-examination of the State's witnesses at trial, elicited a confession to the charge of residential burglary from defendant during direct examination, and presented no defense other than to assert during closing argument defendant's right to explain his participation in the offense.

█ It is well established that the adequacy of a defendant's trial counsel entitles him to a new trial if his counsel was actually incompetent, as reflected in the performance of his duties as trial attorney, and if this incompetence produced substantial prejudice to the defendant without which the result of the trial would probably have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068; *People v. Albanese* (1984), 104 Ill. 2d 504, 525-26, 473 N.E.2d 1246, 1255-56.) The sixth amendment requires, at a bare minimum, that defense counsel act as a true advo-

cate for the accused. Thus, where defense counsel entirely fails to subject the prosecution's case to meaningful testing, the accused has been deprived of his right to effective assistance of counsel. (*United States v. Cronic* (1984), 466 U.S. 648, 659, 80 L. Ed. 2d 657, 668, 104 S. Ct. 2039, 2047.) The constitutional right of a criminal defendant to plead not guilty entails the obligation of his attorney to structure the trial of the case around his client's plea. *Wiley v. Sowders* (6th Cir. 1981), 647 F.2d 642, 650, *cert. denied* (1981), 454 U.S. 1091, 70 L. Ed. 2d 630, 102 S. Ct. 656.

■■ In the instant case, defendant's attorney called defendant as a witness and during direct examination elicited a confession to the offense of residential burglary. In addition, defense counsel presented no defense other than to assert during closing argument that defendant had a right to explain his participation in the crime. No exculpatory evidence was introduced in defendant's testimony, and we perceive no logical reason for counsel to have called defendant as a witness and elicited a confession on direct examination. The trial judge specifically stated that until defendant testified, the court had intended to find him guilty only on the theft charge, but because defendant admitted that he committed the residential burglary, the court had no choice but to convict him of that offense. By pleading not guilty, defendant was entitled to have the issue of his guilt or innocence of residential burglary presented to the court as an adversarial issue. Defense counsel's conduct in this case amounted to ineffective assistance of counsel because it nullified the adversarial quality of this fundamental issue. Accordingly, we find that defendant is entitled to a new trial. Based upon our decision on this issue, we need not address the other questions raised by the parties.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

McNAMARA and RAKOWSKI, JJ., concur.